IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALLEN B. KOUNS, | ) | CASE NO. 5:13-cv-01074 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| ED SHELDON, Warden, | ) | KATHLEEN B. BURKE |
| | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Petitioner Allen B. Kouns ("Petitioner" or "Kouns"), acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition"). Doc. 1.  Respondent filed a Return of Writ.  Doc. 5.  Petitioner filed a Traverse.  Doc. 8.

Kouns challenges the constitutionality of his conviction and sentence in *State v. Kouns*, Case No. 2011CR0115 (Portage County).  Doc. 1.  Kouns was indicted on two counts of attempted murder, two counts of kidnapping, and one count of disrupting public service.  Doc. 5-2, pp. 1-10.[1]  Kouns pled guilty to Count One (attempted murder) and Count Three (kidnapping).[2]  Doc. 5-2, p. 98.  The trial court sentenced Kouns to 10 years for the attempted murder offense and 8 years for the kidnapping offense, to run consecutively, for a total of 18 years.  Doc. 5-2, pp. 19-21, 99, Doc. 5-4, pp. 1-23.  Kouns' sole ground for relief raised in his Petition is that the trial court violated his federal rights under the Double Jeopardy Clause by failing to merge the offenses of attempted murder and kidnapping for sentencing.

---

[1] Page number references refer to the page number for the cited ECF Doc.

[2] The State of Ohio nolled the remaining counts.  Doc. 5-2, pp. 17-18.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2. For the reasons set forth below, the undersigned recommends that the Court **DENY** Kouns' Petition (Doc. 1).

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Ohio Court of Appeals summarized the facts underlying Kouns' conviction as follows:[3]

> {¶ 3} In February of 2011, Mr. Kouns was a guest in the home of Rhonda Walker. At some point in the evening, Mr. Kouns became violent, preventing Ms. Walker from leaving the apartment. He disconnected her phone line and held her at knifepoint in the apartment for approximately eight hours. During those eight hours, Mr. Kouns stated, repeatedly, that he "had to kill" her. He inflicted severe knife wounds to her face, neck, wrists, and legs. When she did not appear to be bleeding out fast enough, he forced to her take a substantial quantity of prescription medication. Several times Ms. Walker attempted to escape her apartment, but Mr. Kouns forcibly prevented her from doing so each time. Finally, as Mr. Kouns lay sleeping, Ms. Walker was able to escape to a neighbor's apartment, where she contacted the police. The police found her naked, wrapped in a blanket, and covered in blood, with a swollen face.

*State v. Kouns*, 2012 WL 5844894, *2-5 (Ohio App. Ct. Nov. 19, 2012); *see also* Doc. 5-2, p. 98, ¶ 3.

---

[3] Kouns has not shown by clear and convincing evidence that the state court's factual findings were incorrect. Accordingly, the state court's findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d at 397.

## II. Procedural Background

### A. Trial court proceedings

In February 2011, a Portage County Grand Jury indicted Kouns on two counts of attempted murder (Counts One and Two),[4] two counts of kidnapping (Counts Three and Four), and one count of disrupting public services (Count Five). Doc. 5-2, pp. 1-10. Kouns pled not guilty to the charges in the original and supplemental indictment. Doc. 5-2, pp. 7, 10. On May 18, 2011, Kouns later changed his plea to not guilty by reason of insanity. Doc. 5-2, pp. 11-12. In July 2011, the trial court found that the parties had stipulated to the report prepared for the sanity hearing and found Kouns to be sane. Doc. 5-2, p. 13.

On September 2, 2011, Kouns waived his right to a jury trial and entered a guilty plea to Count One – attempted murder, a felony of the first degree (O.R.C. §§ 2923.02, 2903.02(A), and 2929.02) and Count Three – kidnapping, a felony of the first degree (O.R.C § 2905.01(A)(2)). Doc. 5-2, pp. 14-18, Doc. 5-3, pp. 1-11. The State of Ohio nolled the remaining charges in the indictment. Doc. 5-2, pp. 17-18.

On October 17, 2011, the trial court sentenced Kouns to 10 years for the attempted murder offense and 8 years for the kidnapping offense, to run consecutively, for a total of 18 years. Doc. 5-2, pp. 19-21, Doc. 5-4, pp. 1-23.

### B. Direct appeal

On December 21, 2011, Kouns, acting *pro se*, filed a Motion for Leave to File Delayed Appeal in the Eleventh District Court of Appeals (Doc. 5-2, pp. 22-32) along with a Notice of Appeal (Doc. 5-2, pp. 33-42). On February 24, 2012, the Ohio Court of Appeals granted Kouns'

---

[4] On February 28, 2011, Count Two of the indictment was nolled (Doc. 5-2, p. 7) and, on March 3, 2011, a supplemental indictment was issued to correct the name of the victim in Count Two (Doc. 5-2, p. 8).

motion for delayed appeal.  Doc. 5-2, pp. 43-45.  Through appellate counsel, on May 14, 2012, Kouns filed his Assignments of Error and Brief raising the following four assignments of error:

1. The trial court committed plain error in failing to merge count one with count three of the indictment for sentencing purposes or at least in failing to conduct an allied offenses of similar import analysis prior to sentencing the defendant.

2. The trial court erred as a matter of law in not ordering the state to furnish Mr. Kouns with a bill of particulars, which results in his plea not being knowingly or intelligently made.

3. Trial counsel provided ineffective assistance of assistance thereby resulting in a plea that was not knowingly or intelligently made.

4. The trial court erred as a matter of law and to the prejudice of appellant and abused its discretion in sentencing Mr. Kouns for consecutive sentences without making the requisite findings under R.C. 2929.14.

Doc. 5-2, pp. 46-68.  The State of Ohio filed its Brief on May 31, 2012.  Doc. 5-2, pp. 69-88. Kouns filed a Reply Brief on June 11, 2012.  Doc. 5-2, pp. 89-96.  On November 19, 2012, the Ohio Court of Appeals overruled Kouns' assignments of error and affirmed the judgment of the trial court.  Doc. 5-2, pp. 97-112.

On December 24, 2012, Kouns, acting *pro se*, filed a Notice of Appeal and Memorandum in Support of Jurisdiction with the Supreme Court of Ohio wherein he raised the same four claims presented in the Ohio Court of Appeals.  Doc. 5-2, pp. 113-142.  The State of Ohio filed an Opposition to Kouns' Memorandum in Support of Jurisdiction.  Doc. 5-2, pp. 143-160.  On March 13, 2013, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.  Doc. 5-2, p. 161.

**C.**     **State post-conviction proceeding**

On March 30, 2012, Kouns filed a Petition to Vacate or Set Aside Judgment or Conviction arguing that he was denied effective assistance of counsel with respect to his plea.[5] Doc. 5-2, pp. 162-168. Kouns also filed a Motion for Evidentiary Hearing. Doc. 5-2, pp. 172-173. On April 12, 2012, the State filed a response to Kouns' petition. Doc. 5-2, pp. 174-236. On April 17, 2012, the trial court overruled Kouns' post-conviction motion.[6] Doc. 5-2, p. 241. Kouns did not appeal the trial court's April 17, 2012, denial of his post-conviction motion.

**D.  Application to reopen appeal**

On February 8, 2013, Kouns, acting *pro se*, filed an application to reopen his appeal pursuant to Ohio App. R. 26(B) based on claims of ineffective assistance of appellate counsel. Doc. 5-2, pp. 242-251. Kouns argued that his appellate counsel was ineffective for failing to raise the following assignments of error:

1. Defendant's own lawyer mis-advised him on sentencing.

2. The Prosecutor mis-led defendant about sentencing He'd likely receive.

3. Incompetency/Mental illness affected plea colloquy.

Doc. 5-2, pp. 246-249. On July 8, 2013, the Ohio Court of Appeals denied Kouns' App. R. 26(B) application concluding that Kouns had not set forth a colorable claim of ineffective assistance of appellate counsel. Doc. 5-2, p. 257.

**E.  Federal Habeas Corpus**

On May 10, 2013, Kouns, acting *pro se*, filed his Petition asserting one ground for relief (Doc. 1), which is set forth and discussed below in Section III.B. On October 28, 2013,

---

[5] On April 13, 2012, Kouns moved to amend his post-conviction petition to correct dates in the affidavit filed in support of his petition. Doc. 5-2, pp. 169-171.

[6] Kouns filed a reply to the State's response on April 25, 2012. Doc. 5-2, pp. 237-240.

Respondent filed a Return of Writ. Doc. 5. Petitioner filed a Traverse on December 4, 2013. Doc. 8.

### III. Law and Analysis

**A.  Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.[7] *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable

---

[7] The AEDPA statute of limitations for filing a petition for a writ of habeas corpus is one year and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). The statute of limitations has not been raised as an issue in this case.

6

application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.    Ground One**

> **Ground One:** The Portage County, Ohio, Court of Appeals unreasonably applied *Blockburger v. United States* (1932), 284 U.S. 299, when its determined that the two counts of the Indictment to which Mr. Kouns pleaded guilty, were committed with a separate animus and were therefore not allied offenses subject to one conviction and sentence.[8]

Doc. 1, p. 8.[9]

---

[8] In his Petition, Kouns included supporting facts, (Doc. 1, pp. 8-12), which are not recited herein.

[9] In the first assignment of error in his direct appeal to the Ohio Court of Appeals, Kouns argued that the trial court erred in failing to merge his attempted murder and kidnapping offenses for sentencing. Doc. 5-2, pp. 55-58. In his Memorandum in Support of Jurisdiction filed with the Ohio Supreme Court, Kouns presented an allied offense argument as part of his first proposition of law. Doc. 5-2, pp. 121-123. As part of his direct appeal, Kouns also

7

Kouns contends that the offenses of attempted murder and kidnapping were allied offenses of similar import under O.R.C. § 2941.25 and committed with a single animus or state of mind and therefore the trial court should have merged the offenses for sentencing and that the failure to do violated his rights under the Double Jeopardy Clause.[10] He argues that the Ohio Court of Appeals unreasonably applied *Blockburger* when determining the offenses of attempted murder and kidnapping were not subject to merger under Ohio's allied offense statute.

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that 'no person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . .' The clause was incorporated against the states through the enactment of the Fourteenth Amendment." *Person v. Sheets*, 527 Fed. Appx. 419, 423 (6th Cir. 2013) (citing *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). "[A] defendant may not be subject to multiple punishments unless the state legislature intended to so punish." *Person*, 527 Fed. Appx. at 423 (citing *Missouri v. Hunter*, 459 U.S. 359, 367-368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)). "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Duncan v.*

---

argued that the trial court erred in not conducting an allied offense analysis. Doc. 5-2, pp. 55-58, Doc. 5-2, pp. 121-123. He has not presented that claim in his federal habeas petition.

[10] Ohio's allied offenses statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code § 2941.25.

*Sheldon*, 2014 WL 185882, * 31 (N.D. Ohio Jan. 15, 2014) (quoting *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013) (internal citations omitted)).

> As stated by the Sixth Circuit:
>
> In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court developed the "same elements" test to determine whether Congress has authorized cumulative punishments: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. 180. The *Blockburger* test, however, is a "rule of statutory construction," *Albernaz,* 450 U.S. at 340, 101 S.Ct. 1137 (quoting *Whalen v. United States,* 445 U.S. 684, 691, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)), "not a constitutional test in and of itself," *McCloud v. Deppisch,* 409 F.3d 869, 875 (7th Cir.2005), *as quoted in Palmer v. Haviland,* 273 Fed.Appx. 480, 486 (6th Cir.2008) (unpublished); *see Hunter,* 459 U.S. at 368, 103 S.Ct. 673 (explaining that the *Blockburger* test, as modified by subsequent precedent, "is not a constitutional rule requiring courts to negate clearly expressed legislative intent"). As a result, the *Blockburger* test "does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *697 *Johnson,* 467 U.S. at 499 n. 8, 104 S.Ct. 2536; *accord Hunter,* 459 U.S. at 368–69, 103 S.Ct. 673.

*Volpe v. Trim*, 708 F.3d 688, 696-697 (6th Cir. 2013).

Thus, "[i]n contrast to most habeas claims, which are based entirely on federal constitutional rights, a claim under the Double Jeopardy Clause requires analysis of state law; because the state legislature has the authority to define and punish crimes, the definition of multiple punishments is dependent on the legislative intent of the state government." *Person,* 527 Fed. Appx. at 423 (citing *Volpe,* 708 F.3d at 697). "Moreover, '[w]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes.'" *Volpe,* 708 F.3d at 697 (quoting *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal court must defer to that determination." *Id.* (citing *Banner*, 886 F.2d at 780).

In Ohio, to determine whether the legislature intended to authorize cumulative punishments, courts apply O.R.C. § 2941.25 (Ohio's multiple counts statute) not the *Blockburger* test.  See *Volpe*, 708 F.3d at 697; *see also Jackson v. Smith*, 745 F.3d 206, 212 (6th Cir. 2014), *cert denied, Jackson v. Lazaroff,* 135 S.Ct. 118 (2014) ("Ohio courts apply . . . [O.R.C. § 2941.25] not the *Blockburger* test, to ascertain the Ohio legislature's intent.").  In 2010, in *State v. Johnson,* 128 Ohio St.3d 153 (2010), the Ohio Supreme Court revisited its prior decisions addressing how to assess whether offenses are allied offenses under O.R.C. § 2941.25.  In doing so, the Ohio Supreme Court stated:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

*Johnson,* 128 Ohio St.3d at 162-163, ¶¶ 48-51.

10

Here, the Ohio Court of Appeals analyzed Kouns' multiple counts and sentence under O.R.C § 2941.25 by applying the standard enunciated in *Johnson*,[11] stating:

> {¶ 10} In his first assignment of error, Mr. Kouns argues that the two counts to which he pleaded guilty should have been merged at sentencing, as they were allied offenses of similar import. He argues, in the alternative, that the trial court should have, but failed to, engage in a merger analysis, and that he is entitled to such an exercise. Because kidnapping and attempted murder are two distinct crimes that do not merge in this case, or most any other for that matter, we find no merit in Mr. Kouns' first assignment of error.
>
> {¶ 11} "The concept of merger originates in the prohibition against cumulative punishments as established by the Double Jeopardy clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution." *State v. Miller,* 11 th Dist. No.2009–P–0090, 2011–Ohio–1161, ¶ 35, citing *State v. Williams,* 124 Ohio St.3d 381, 2010–Ohio–147, ¶ 12. The constitutional prohibition against multiple punishments for the same offense is codified in R.C. 2941.25, which states: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> {¶ 12} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
>
> {¶ 13} As an initial matter, we note that merger is the process of combining multiple *offenses* for sentencing purposes. Allied offenses of similar import "must be merged for purposes of sentencing, and the defendant may be convicted of only one of the offenses, even though the defendant has been properly charged

---

[11] Since *Johnson* was controlling at the time Kouns' conviction became final, the state court properly considered the offenses under the standard enunciated in *Johnson*. The undersigned notes that the Supreme Court of Ohio recently revisited its holding in *Johnson* "with respect to when two or more offenses are allied offenses of similar import." *State v. Ruff,* Slip Opinion No. 2015-Ohio-995 at ¶ 1 (Mar. 25, 2015). The Ohio Court stated that "the circumstances of when offenses are of dissimilar import within the meaning of R.C. 2941.25(B) have been unclear." *Id.* The Ohio Supreme Court proceeded to hold that "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 26. The Ohio Court explained that:

> If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

*Id.* at ¶ 25.

with and found guilty of both." *State v. Chaffer,* 1st Dist. No. C–090602, 2010–Ohio–4471, syllabus. For purposes of R.C. 2941.25, a "conviction" consists of a guilty verdict and the imposition of a sentence or penalty. *State v. Gapen,* 104 Ohio St.3d 358, 2004–Ohio–6548, ¶ 135, citing *State v. Poindexter,* 36 Ohio St.3d 1, 5 (1988) ("[A] defendant may be charged with multiple counts based on the same conduct but may be convicted of only one, and the trial court effects the merger at sentencing."). "[A]llied offenses must be merged for purposes of sentencing following the state's election of which offense should survive." *State v. Jackson,* 1st Dist. No. C–090414, 2010–Ohio–4312, ¶ 20, citing *State v. Whitfield,* 124 Ohio St.3d 319, 2010–Ohio–2.

{¶ 14} The Supreme Court of Ohio has struggled with the proper analysis of allied offenses of similar import since its landmark decision on this issue in *State v. Rance,* 85 Ohio St.3d 632 (1999). Recognizing that the law of allied offenses post *Rance* had become an unworkable and unpredictable quagmire of exceptions, the Supreme Court of Ohio revisited the allied offenses analysis yet again in 2010, and overruled *Rance* in *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314.

{¶ 15} In *Johnson,* the court remarked on the difficulties of the application of *Rance:* "Our cases currently (1) require that a trial court align the elements of the offenses in the abstract—but not too exactly [*State v. Cabrales,* 118 Ohio St.3d 54, 2008–Ohio–1625], (2) permit trial courts to make subjective determinations about the probability that two crimes will occur from the same conduct [*State v. Winn,* 121 Ohio St.3d 413, 2009–Ohio–1059], (3) instruct trial courts to determine preemptively the intent of the General Assembly outside the method provided by R.C. 2941.25 [*State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569], and (4) require that courts ignore the commonsense mandate of the statute to determine whether the same conduct of the defendant can be construed to constitute two or more offenses (*Rance* ). The current allied-offense standard is so subjective and divorced from the language of R.C. 2941.25 that it provides virtually no guidance to trial courts and requires constant ad hoc review by this court." *Johnson* at ¶ 40.

{¶ 16} Under the new analysis, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at the syllabus. The *Johnson* court provided the new analysis as follows: "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting the commission of one offense constitutes [the] commission of the other, then the offenses are of similar import.

12

{¶ 17} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' * * *

{¶ 18} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶ 19} "Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has a separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶ 48–51.

{¶ 20} "In departing from the former test, the court developed a new, more context-based test for analyzing whether two offenses are allied thereby necessitating a merger. In doing so, the court focused upon the unambiguous language of R.C. 2941.25, requiring the allied-offense analysis to center upon the defendant's conduct, rather than the elements of the crimes which are charged as a result of the defendant's conduct." *Miller* at ¶ 47, citing *Johnson* at ¶ 48–52. "The [*Johnson*] court acknowledged the results of the above analysis will vary on a case-by-case basis. Hence, while two crimes in one case may merge, the same crimes in another may not. Given the statutory language, however, this is not a problem. The court observed that inconsistencies in outcome are both necessary and permissible ' * * * given that the statute instructs courts to examine a defendant's conduct—an inherently subjective determination.' " *Miller* at ¶ 52, quoting *Johnson* at ¶ 52. *See also State v. May,* 11th Dist. No.2010–L–131, 2011–Ohio–5233.

{¶ 21} Mr. Kouns pleaded guilty to kidnapping, in violation of R.C. 2905.01(A)(2), and attempted murder, in violation of R.C. 2923.02 and 2903.02(A).

{¶ 22} The elements of kidnapping are: (1) by force, threat, or deception, (2) removal of another person from the place the other person is found or restraining the liberty of another person, (3) with purpose to either hold for ransom or as a shield or hostage, facilitate commission of any felony or flight thereafter, terrorize or inflict serious physical harm on the victim or another, engage in sexual activity with the victim against his or her will, or hinder, impede, or obstruct a function of government. R.C. 2905.01.

{¶ 23} The elements of attempted murder are: (1) purposely or knowingly, (2) engaging in conduct that, if successful, would result in, (3) the death of another. R.C. 2923.02 and 2903.02(A).

{¶ 24} Each of Mr. Kouns' charges appears from the record to be the result of separate and distinct conduct by Mr. Kouns. From the sentencing hearing transcript, it is clear that Mr. Kouns was charged with kidnapping based on his

13

> holding of Ms. Walker at knife-point, making physical contact with her, and disconnecting her phone to prevent her from leaving the apartment or calling for help, all in an effort to terrorize her or further commit a crime. In order to successfully commit the act of kidnapping, Mr. Kouns did not need to attempt to end Ms. Walker's life.
>
> {¶ 25} Mr. Kouns committed the act of attempted murder separately, when he purposely slashed Ms. Walker's wrists and neck, and waited for her to bleed to death. When she did not bleed out fast enough, Mr. Kouns then forced her to ingest large amounts of prescription drugs, all the while telling her he "had to kill" her. Mr. Kouns' commission of attempted murder was separate and distinct from his commission of kidnapping, and therefore, the two charges do not merge for purposes of sentencing in his case.
>
> {¶ 26} The trial court may not have engaged in a lengthy analysis of allied offenses on the record, but the issue of merger was raised by the state when it clearly argued for consecutive maximum sentences and stated that "this kidnapping and attempted murder do not merge." At no point did Mr. Kouns raise the issue of merger before the trial court, and we find no prejudice under a plain error analysis to justify remand of this issue. From the record before us, it is apparent the trial court came to the same conclusion we have here today: under the facts and circumstances of this case, the kidnapping and attempted murder charges to not merge for purposes of sentencing.[1] Assignment of error one is without merit.
>
>> FN 1 - We distinguish *State v. May,* where the sentencing hearing took place before the *Johnson* decision came out. In *May,* because the trial court never considered the merger issue applying the new standard announced in *Johnson,* we remanded the case for the trial court to do so. Here, *Johnson* was the law at the time Mr. Kouns was sentenced, and the state specifically argued against merger before the trial court. The trial court is presumed to have considered the issue pursuant to the law existing at the time. For this reason, *May* is distinguishable.

*State v. Kouns*, 2012 WL 5844894, *2-5 (Ohio App. Ct. Nov. 19, 2012).[12]

Kouns argues that the Ohio legislature intended the crimes of attempted murder and kidnapping to merge. Doc. 8, p. 10. Thus, he asserts that the Ohio Court of Appeals' affirmance

---

[12] Respondent has not asserted procedural default with respect to the claim presented in Kouns' Petition. However, as noted by the Ohio Court of Appeals, Kouns did not raise the issue of merger in the trial court. *Kouns*, 2012 WL 5844894, * 5, ¶ 26.

14

of cumulative punishments for the two offenses was an unreasonable application of *Blockburger*. Doc. 8, p. 10.

Kouns' attempt to demonstrate why the state court should have concluded that the two offenses were allied offenses under Ohio's allied offense statute or ask this Court to consider *de novo* whether his offenses are allied offenses under O.R.C § 2941.25 (Doc. 8, pp. 10-12) is unproductive because, "[w]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes . . . [such that] . . . for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal court must defer to that determination." *Volpe*, 708 F.3d at 697 (internal citations and quotations omitted). The foregoing detailed analysis by the Ohio Court of Appeals reflects its determination that the legislature authorized cumulative punishments for the two offenses in Kouns' case because, under O.R.C. § 2941.25, the offenses for which Kouns pled guilty and was convicted were not allied offenses of similar import and/or that the offenses involved separate conduct or separate animus. Thus, this Court is bound by that determination. *See Volpe*, 708 F.3d at 697 ("[W]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statute.")(internal citations omitted).

Moreover, Kouns' claim that the Ohio Court of Appeals unreasonably applied *Blockburger* is without merit. As recently stated by the Sixth Circuit, "Legislative intent is the touchstone; it, and not the *Blockburger* test, determines whether two offenses are the same and, if so, whether multiple punishments are nevertheless intended." *Jackson*, 745 F.3d at 211-212; *see also Volpe*, 708 F.3d at 696-697 ("The *Blockburger* test 'does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger,* if it is

15

evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.'") (quoting *Johnson,* 467 U.S. at 499 n. 8, 104 S.Ct. 2536; *accord Hunter,* 459 U.S. at 368–69, 103 S.Ct. 673). Here, the Ohio Court of Appeals considered legislative intent. It applied the standard enunciated by the Ohio Supreme Court in *Johnson* and determined that multiple punishments were intended under O.R.C. § 2941.25 for the offenses of attempted murder and kidnapping. Kouns has failed to show that the state court's application of O.R.C. § 2941.25 when determining whether cumulative punishments were authorized was contrary to or an unreasonable application of clearly established federal law. *See Jackson*, 745 F.3d at 211 ("Nor does the federal constitution require the state courts to apply *Blockburger* to resolve the double jeopardy claim . . . the *Double Jeopardy Clause* does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").

In light of the foregoing, the undersigned concludes that the Ohio Court of Appeals' decision affirming the trial court's imposition of cumulative sentences for attempted murder and kidnapping was neither contrary to nor an unreasonable application of clearly established federal law.

16

## IV. Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DENY** Kouns' Petition (Doc. 1).

Dated: April 17, 2015

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).