**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Allen B. Kouns,

Petitioner,

v.

Ed Sheldon, Warden,

Respondent.

Case No. 5:13CV1074

**ORDER**

*Pro se* petitioner Allen B. Kouns filed this habeus corpus action under 28 U.S.C. § 2254. (Doc. 1). Kouns, who is incarcerated at the Toledo Ohio Correctional Institution, names Warden Ed Sheldon as respondent. Kouns pled guilty to attempted murder and kidnapping charges and is serving an eighteen-year sentence. He argues his sentence violates his constitutional right against double jeopardy.

Kouns asserts one ground for relief: namely, that the "Court of Appeals unreasonably applied [*Blockburger v. United States*, 284 U.S. 299 (1932)], when it determined that the two counts of the Indictment to which [he pled] guilty were committed with a separate animus and were therefore not allied offenses subject to one conviction and sentence." (Doc. 1 at 12).

The Magistrate Judge to whom I referred the petition has filed a Report and Recommendation recommending denying Kouns' petition. (Doc. 9).

Following *de novo* review of the Report and Recommendation, I find that, while Kouns has properly exhausted his state law remedies, the Magistrate Judge properly concluded that the petition lacks merit.

## Background

The Ohio Court of Appeals accurately described the facts giving rise to petitioner's convictions and sentence in *State v. Kouns*, 2012 WL 5844894, *1-2 (Ohio Ct. App.):

> In February of 2011, Mr. Kouns was a guest in the home of Rhonda Walker. At some point in the evening, Mr. Kouns became violent, preventing Ms. Walker from leaving the apartment. He disconnected her phone line and held her at knife-point in the apartment for approximately eight hours. During those eight hours, Mr. Kouns stated, repeatedly, that he "had to kill" her. He inflicted severe knife wounds to her face, neck, wrists, and legs. When she did not appear to be bleeding out fast enough, he forced her to take a substantial quantity of prescription medication. Several times Ms. Walker attempted to escape her apartment, but Mr. Kouns forcibly prevented her from doing so each time. Finally, as Mr. Kouns lay sleeping, Ms. Walker was able to escape to a neighbor's apartment, where she contacted the police. The police found her naked, wrapped in a blanket, and covered in blood, with a swollen face.
>
> A Portage County Grand Jury indicted Mr. Kouns on two counts of attempted murder, in violation of R.C. 2923.02 and 2903(A) and (B), two counts of kidnapping in violation of R.C. 2905.01(A)(2) and (3), and one count of disrupting public service in violation of R.C. 2929.04(A)(1). Following plea negotiations, Mr. Kouns entered a written plea of guilty to count one (attempted murder) and count three (kidnapping), and the state nolled the remaining counts. Mr. Kouns' plea was accepted by the trial court, and the matter was referred for a pre-sentence investigation report.
>
> A sentencing hearing was held in October 2011, at which the trial court sentenced Mr. Kouns to ten years of imprisonment on the attempted murder charge, and eight years on the kidnapping charge. The trial court ordered the terms to be served consecutively, for a cumulative sentence of 18 years. Mr. Kouns filed a timely notice of appeal, and [brought] the following assignments of error:
>
> "[1.] The trial court committed plain error in failing to merge count one with count three of the indictment for sentencing purposes or at least in failing to conduct an allied offenses of similar import analysis prior to sentencing the defendant."

> "[2.] The trial court erred as a matter of law in not ordering the state to furnish Mr. Kouns with a bill of particulars, which results in his plea not being knowingly or intelligently made."
>
> "[3.] Trial counsel provided ineffective assistance of [counsel] thereby resulting in a plea that was not knowingly or intelligently made."
>
> "[4.] The trial court erred as a matter of law and to the prejudice of appellant and abused its discretion in sentencing Mr. Kouns for consecutive sentences without making the requisite findings under R.C. 2929.14."

The appellate court affirmed the trial court, *id.* at *8, and the Supreme Court of Ohio declined to accept jurisdiction (Doc. 5-2 at 161).

Kouns then sought post-conviction relief from the trial court, alleging ineffective assistance of counsel with respect to his plea. (*Id.* at 162-68). He also filed a motion for an evidentiary hearing. (*Id.* at 172-73). The trial court overruled Kouns' motion. (*Id.* at 241). Kouns did not appeal that ruling.

Kouns, acting *pro se*, later applied to reopen his appeal under Ohio App. R. 26(B), alleging ineffective assistance of appellate counsel. (*Id.* at 242-51). Kouns alleged his appellate counsel failed to argue: 1) his trial counsel misadvised him on sentencing; 2) the prosecutor misled him about what sentence he was likely to receive; and 3) his own incompetency and mental illness affected his plea colloquy. (*Id.* at 246-49). The appellate court denied Kouns' application. (*Id.* at 257).

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 1101 Stat. 1214 (AEDPA), applies to petitions filed after the AEDPA's effective date. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The controlling AEDPA provision (codified at 18 U.S.C. § 2254(d)) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim –
>
> > 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

"A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413).

"The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

To obtain federal habeus corpus relief, petitioner must establish the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011)). This standard is "difficult to meet" because "habeus corpus 'is a guard against extreme malfunctions in the state criminal

justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

In short, "[a] state court's determination that a claim lacks merit precludes federal habeus relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

**Discussion**

Kouns argues his attempted murder and kidnapping convictions were allied offenses committed with a single animus or state of mind. (Doc. 8 at 7-9). He contends the trial court therefore should have merged them for sentencing under the Supreme Court's decision in *Blockburger v. United States*, 284 U.S. 299 (1932). (Doc. 8 at 2). The court's failure to do so, he argues, violated his constitutional right against double jeopardy. (Doc. 8 at 9).

The Fifth Amendment's Double Jeopardy Clause provides 'no person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb."[1] U.S. Const. amend. V. "[A] defendant may not be subject to multiple punishments unless the state legislature intended to so punish." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). In particular, the clause "protects against multiple punishments for the same offense." *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013).

The Sixth Circuit explained in *Volpe* how the Supreme Court has interpreted the clause's protections:

---

[1] The clause applies to states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

> In [*Blockburger*,] the Supreme Court developed the "same elements" test to determine whether Congress has authorized cumulative punishments: [t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. The *Blockburger* test, however, is a rule of statutory construction, not a constitutional test in and of itself. As a result, the *Blockburger* test does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockbuurger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

*Id*. at 696-97 (citations omitted; internal quotation marks omitted).

A claim under the Double Jeopardy Clause thus requires analysis of state law and legislative intent. *Id.* at 697. "When assessing intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). Thus, "once a state court has determined that the state legislature intended cumulative punishments, a federal habeus court must defer to that determination." *Id.*

In Ohio, courts apply O.R.C. § 2941.25,[2] rather than the *Blockburger* test, to determine whether the General Assembly intended to authorize cumulative punishments. *See Volpe*, 708 F.3d

---

[2] Under O.R.C. § 2941.25:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

at 697; *see also Jackson v. Smith*, 745 F.3d 206, 212 (6th Cir. 2014). As the Ohio Supreme Court explained in *State v. Johnson*, 128 Ohio St. 3d 153, 162-63 (2010):

> In determining whether offenses are allied offenses of similar import under R.C. § 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., a single act, committed with a single state of mind.
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. § 2941.25(B), the offenses will not merge.

(citations omitted; internal quotation marks omitted; emphasis in original).[3]

Here, the appellate court analyzed Kouns' convictions and sentence under the *Johnson*

---

[3] *Johnson* controlled at the time Kouns' convictions became final. That standard thus governed Kouns' subsequent appeals and now governs his petition. I note, however, the Ohio Supreme Court recently revised its interpretation of O.R.C. § 2941.25 in *State v. Ruff*, 2015 WL 1343062, *6 (Ohio):

> If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: 1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, 2) the offenses were committed separately, and 3) the offenses were committed with separate animus or motivation.

standard. *See Kouns, supra*, 2012 WL 5844894, *2-5 (discussing *Johnson*, and its application to Kouns' appeal, in detail). It concluded "under the facts and circumstances of this case, the kidnapping and attempted murder charges do not merge for purposes of sentencing." *Id.* at *5. That conclusion reflected the court's determination the Ohio state legislature authorized cumulative punishments for the two offenses to which Kouns pled guilty. *See id.* at *4-5. I am bound by that determination. *See Banner*, 886 F.2d at 780.

Kouns' argument the appellate court unreasonably applied *Blockburger* is misguided because "[l]egislative intent is the touchstone; it, and not the *Blockburger* test, determines whether two offenses are the same and, if so, whether multiple punishments are nevertheless intended." *Jackson v. Smith*, 745 F.3d 206, 211-12 (6th Cir. 2014).

Thus, Kouns fails to show the appellate court's application of § 2941.25 resulted in a decision that 1) was "contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or 2) was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

Accordingly, I deny Kouns' petition.

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT

1. The Magistrate Judge's Report and Recommendation (Doc. 9) be, and the same hereby is, adopted;

2. The petition be, and the same hereby is, dismissed, with prejudice.

I decline to grant a certificate of appealability. In any event, petitioner could not take an appeal from this decision in good faith, and appeal should not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr

Sr. U.S. District Judge