# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Allen Kouns,                                                                   Case No. 5:13CV1074

        Petitioner

           v.                                                              **ORDER**

Ed Sheldon, Warden,

        Respondent

This is a state prisoner's habeas case under 28 U.S.C. § 2254.

Petitioner Allen Kouns sought habeas relief in this court in May, 2013, alleging that the state trial court violated his rights under the Double Jeopardy Clause by failing to merge his convictions for attempted murder and kidnapping. Acting on United States Magistrate Judge Kathleen B. Burke's Report and Recommendation (Doc. 9), I dismissed the petition with prejudice. *Kouns v. Sheldon*, 2015 WL 4774657 (N.D. Ohio 2015).

Kouns has now filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). (Doc. 12). The gravamen of the motion seems to be that Kouns's sentence is invalid, whether by virtue of *U.S. v. Booker*, 543 U.S. 220 (2005), or because the trial court improperly imposed "post release control," or because the prosecution breached the plea agreement by not recommending or ensuring that Kouns receive a nine-year sentence. (Doc. 12 at 1).

I agree with the respondent's contention (Doc. 13 at 3) that, though nominally a Rule 60(b) motion, Kouns's filing is in sum and substance a second or successive habeas corpus petition.

"A Rule 60(b) motion 'is in substance a successive habeas petition and should be treated accordingly' if (among other things) it seeks to relitigate a habeas claim already adjudicated on the merits in federal court, or 'seeks to add a new ground for relief[.]'" *Sheppard v. Robinson*, 807 F.3d 815, 819 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)).

"In contrast, '[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed . . . creates no inconsistency with the habeas statute or rules.'" *Id.* (quoting *Gonzalez*, *supra*, 545 U.S. at 533).

"Thus, to avoid the application of § 2244(b), a Rule 60(b) motion must 'confine [ ] itself' to the 'first federal habeas petition' and challenge only 'a nonmerits aspect' – *e.g.*, a determination that a claim was time-barred or procedurally defaulted – 'of the first federal habeas proceeding.'" *Id.* (quoting *Gonzalez*, *supra*, 545 U.S. at 534).

Kouns's motion here does not challenge only a nonmerits aspect of his first federal habeas proceeding. It instead seeks to add a new claim for relief – the invalidity of his sentence under several theories – that he did not raise in the initial petition. His motion is therefore a second or successive habeas petition that he may not file in this court without first seeking permission to do so from the Sixth Circuit. 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**Conclusion**

It is, therefore,

ORDERED THAT:

The Clerk of Court shall transfer Kouns's motion for relief from judgment (Doc. 12) to the United States Court of Appeals for the Sixth Circuit in accordance with *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge